FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 22 2005

LUTHER D. THOMAS, Clerk
By: Q. M. Carrier
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; and NEW LINE PRODUCTIONS, INC., a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>DOES 1 – 10,<br>　　　　　　Defendants. | CIVIL ACTION FILE<br><br>No. 1:05cv515-BBM |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE

The Court has read all papers filed in connection with Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26 Conference ("the Motion"), and considered the issues raised therein, including relevant privacy issues.

[Doc. No. 3]

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Earthlink, Inc., or any other entity identified by Earthlink, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _March 22, 2005_          _Ponery B Martin_
United States District Judge

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

FEB - 1 2005

CLERK, U.S. ... ....T COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNIVERSAL CITY STUDIOS | ) | |
| PRODUCTIONS L.L.L.P., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL NO. SA-05-CA-68-OG |
| | ) | |
| | ) | |
| DOES 1-24, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Came on this day to be considered plaintiffs' _ex parte_ expedited motion for leave to take

discovery prior to the Fed.R.Civ.P. 26(f) conference and memorandum in support filed January

26, 2005 (docket no. 5).

In this action for copyright infringement, plaintiffs seek permission to serve Rule 45

subpoenas to discovery the identity of 24 defendants. Plaintiffs have alleged claims of direct

copyright infringement by the 24 Doe Defendants through the use of "peer to peer" or "P2P"

software over the internet. Defendants are identified by internet protocol address and the dates

and times of the alleged infringements in addition to the allegedly fictitious on-line "screen

names" or "user names" used by the defendants. To learn and/or confirm the identities of the

Doe Defendants, plaintiffs need information from internet service providers ("ISP") for the

defendants. Plaintiff have identified the ISP that provided internet access to and assigned the

unique internet protocol ("IP") address to defendant by using publicly available data to trace IP

addresses. Plaintiffs allege the ISP is Southwestern Bell Internet Services ("SBIS"). Plaintiffs

assert that when the ISP is given a defendant's IP address and the date and time of the infringing

activity, the ISP readily should be able to identify the name and address of the Doe Defendants

because that information is contained in the ISP's subscriber activity log files. Further, plaintiffs

seek immediate discovery to avoid the loss of information about the alleged infringers that could

occur if the ISP erases or overwrites data in accordance with common industry practice.

Plaintiffs have shown good cause for beginning discovery at this time. There is no

identified defendant with whom plaintiffs could conduct a discovery conference.

Upon consideration thereof,

**IT IS ORDERED** that plaintiffs' ex parte expedited motion for leave to take discovery

prior to the Fed.R.Civ.P. 26(f) conference (docket no. 5) is **GRANTED.**

**IT IS ALSO ORDERED** that plaintiffs may serve immediate discovery on third-party

ISPs, specifically, SBIS as well as  any ISP identified by SBIS as the entity providing internet

network access and on-line services to the Doe Defendant, by serving a Rule 45 subpoena that

seeks information sufficient to identify each Doe Defendant, including the name, address,

telephone number, e-mail address and Media Access Control addresses for each defendant.

**IT IS FURTHER ORDERED** that any information disclosed to plaintiffs in response to

the Rule 45 subpoenas may be used by plaintiffs solely for the purpose of protecting plaintiffs'

rights under the Copyright Act.

**ORDERED, SIGNED and ENTERED** this __/__ day of February, 2005.


_Pamela Mathy_

**Pamela Mathy**
**United States Magistrate Judge**

JUDGE MOTLEY
05 CV 2351

Jonathan Zavin (JZ-1846)
Alexandra N. DeNeve (AD-2386)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
:
TWENTIETH CENTURY FOX FILM              :
CORPORATION, a Delaware corporation;
LIONS GATE FILMS, INC., a Delaware      :
corporation; METRO-GOLDWYN-MAYER
PICTURES INC., a Delaware corporation;  :     Civil Action No.:
DISNEY ENTERPRISES, INC., a Delaware
corporation; WARNER BROS.               :
ENTERTAINMENT INC., a Delaware                **ORDER GRANTING PLAINTIFFS'**
corporation; PARAMOUNT PICTURES         :     ***EX PARTE*** **APPLICATION FOR**
CORPORATION, a Delaware corporation;          **LEAVE TO TAKE DISCOVERY**
COLUMBIA PICTURES INDUSTRIES, INC., a   :     **PRIOR TO RULE 26(f)**
Delaware corporation; SCREEN GEMS, INC., a    **CONFERENCE**
Delaware corporation; NEW LINE          :
PRODUCTIONS, INC., a Delaware corporation;
and UNIVERSAL CITY STUDIOS              :
PRODUCTIONS LLLP, a Delaware limited
liability limited partnership,          :

                Plaintiffs,             :

        -against-                       :

DOES 1-43,                              :

                Defendants.             :
----------------------------------------x

        The Court has read all papers filed in connection with Plaintiffs' *Ex Parte*

Application for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Application"), and

considered the issues raised therein, including relevant privacy issues.

        IT IS HEREBY ORDERED that the Application is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable, or any other entity identified by Time Warner Cable as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to the Cable Communications Policy Act, 47 U.S.C. § 551(c)(2)(B);

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: February 24, 2005

Miriam Goldman Cedarbaum
United States District Judge

Part I

2

___ FILED   ___ ENTERED   **ORIGINAL**
___ LODGED   ___ RECEIVED

FEB 2 2 2005

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

JAN 26 2005 MR

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

05-CV-00134-ORD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

COLUMBIA PICTURES INDUSTRIES,
INC., a Delaware corporation,

        Plaintiff,

    v.

JOHN DOE,

        Defendant.

No. **CV05 - 0134**

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE

The Court has read all papers filed in connection with Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Application"), and considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Application is granted.

IT IS FURTHER ORDERED that Plaintiff may serve immediate discovery on Speakeasy, Inc., or any other entity identified by Speakeasy, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

/////

/////

/////

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE
Page 1

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3800 F 206 516 3888

1    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiff in

2    response to the Rule 45 subpoenas may be used by Plaintiff solely for the purpose of

3    protecting Plaintiff's rights under the Copyright Act.

4

5    Dated: 2/22/05

               United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE
Page 2

YARMUTH WILSON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WA 98104
T 206 516 3800 F 206 516 3888

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JAN 2 8 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

DISNEY ENTERPRISES, INC., a Delaware )
corporation; TWENTIETH CENTURY FOX )
FILM CORPORATION, a Delaware )
corporation; WARNER BROS. )
ENTERTAINMENT INC., a Delaware )
corporation; COLUMBIA PICTURES )
INDUSTRIES, INC., a Delaware corporation; )
ARTISAN PICTURES, INC., a Delaware )
corporation; NEW LINE PRODUCTIONS, )
INC., a Delaware corporation; UNIVERSAL )
CITY STUDIOS PRODUCTIONS LLLP, a )
Delaware limited liability limited partnership; )
and PARAMOUNT PICTURES )
CORPORATION, a Delaware corporation, )
                         )
            Plaintiffs, )
                         )
      v. )
                         )
DOES 1 - 9, )
                         )
            Defendants. )

Case No.: *4:05 CV 00093*

### ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

        The Court has read all papers filed in connection with Plaintiffs' Motion for

Leave to Take Discovery Prior to Rule 26(f) Conference ("the Motion"), and considered the

issues raised therein, including relevant privacy issues.

        IT IS HEREBY ORDERED that the Motion is granted.

        IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on

ALLTEL Communications, Inc., or any other entity identified by ALLTEL Communications,

Inc. as providing network access or online services to one or more of the Doe Defendants, by

serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant,

**6**

including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 1/27/05

_Janen M Mood_
United States District Judge

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 1-31-05 BY JA

Michael Lieberman (ML 9456)
Lubna A. Mian (LM 4411)
HANGLEY ARONCHICK SEGAL & PUDLIN
20 Brace Road, Suite 201
Cherry Hill, NJ  08034
(856) 616-2100

Jonathan Zavin (pro hac vice pending)
Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and DISNEY ENTERPRISES, INC., a Delaware corporation,** | **CIVIL ACTION** Case No.:  C 5 cv 1119 (JBS) |
| | [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE |
| Plaintiffs, | |
| v. | |
| DOES 1 - 7, | |
| Defendants. | |

Upon Plaintiffs' application for Order to Show Cause granting Plaintiffs *ex*

*parte* relief granting leave to take discovery prior to the Rule 26(f) Conference, the

annexed declarations of Chad Tilbury, Thomas Mizzone and R. Christopher

Harshman, and the accompanying Memorandum of Law, and having considered

the issues raised therein, including relevant privacy issues,

IT IS ORDERED that Plaintiffs may serve immediate discovery on AT&T

Worldnet Service, or any other entity identified by AT&T Worldnet Service as

providing network access or online services to one or more of the Doe Defendants,

by serving a Rule 45 subpoena that seeks information sufficient to identify each

Doe Defendant, including his or her name, address, telephone number, email

address, and Media Access Control address.

IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in

response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose

of protecting Plaintiffs' rights under the Copyright Act.

Dated: _March 9, 2005_        _Jerome B Aunwhile_

                              United States District Judge

2

Michael Lieberman (ML 9456)
HANGLEY ARONCHICK SEGAL & PUDLIN
20 Brace Road, Suite 201
Cherry Hill, NJ 08034
(856) 616-2100

Jonathan Zavin (pro hac vice pending)
Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PARAMOUNT PICTURES CORPORATION, a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; SCREEN GEMS, INC., a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; and COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation,** | **CIVIL ACTION** Case No.: 05- 535 **ORDER TO SHOW CAUSE FOR** *EX PARTE* **RELIEF GRANTING PLAINTIFFS' LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |
| **Plaintiffs,** | |
| **v.** | |
| **DOES 1 - 8,** | |
| **Defendants.** | |

**THIS MATTER** having come before the Court upon the application of Plaintiffs by their attorneys, Hangley Aronchick Segal & Pudlin, for entry of an Order to Show Cause granting Plaintiffs *ex parte* relief and permitting Plaintiffs to conduct limited discovery on a third party Internet Service Provider prior to the Rule 26(f) Conference to determine the true identities of the Doe Defendants who are being sued for copyright infringement; and the Court having read and considered the Complaint, the Declarations Chad Tilbury, Thomas Mizzone, Christopher Harshman, the certification of Michael Lieberman, the supporting Memorandum of Law submitted herewith, and a proposed Order; and the Court having heard argument of counsel, and having determined that there are no named defendants who could oppose this cause, and for other good cause having been shown;

IT IS on this __28th__ day of _____January_____, 2005:

**ORDERED**, that Plaintiffs' application for *ex parte* relief to conduct and serve expedited discovery upon RCN Corporation, or any other identified by RCN Corporation as providing network access or online service

one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks

information sufficient to identify each Doe Defendant, including his or her name,

address, telephone number, e-mail address and Media Access Control address is

granted.

_____
United States District Judge

DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

METRO-GOLDWYN-MAYER
PICTURES, INC., et al.,

               Plaintiffs,

                                CIVIL ACTION

v.

                                No: 05-2075-KHV-DJW

DOES 1-8,

               Defendants.

### ORDER

Pending before the Court is Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (doc. 4). Plaintiffs are motion picture studios and/or distributors. They bring this copyright infringement lawsuit, alleging that each Defendant has, without permission, distributed and offered to distribute over the Internet copyrighted works for which the respective Plaintiffs have exclusive rights.

Plaintiffs seek leave to serve limited discovery prior to the Rule 26(f) conference on one or more non-party Internet Service Providers ("ISPs") to determine the identities of the Doe Defendants. Plaintiffs assert that the only way they can determine Defendants' true identities is through information obtained from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access. Specifically, Plaintiffs seek to issue a Rule 45 subpoena to Sprint Communications Company, L.P., or any other entity identified by Sprint Communications Company, L.P., as providing network access or online services to one or more of the Doe Defendants.

A party is generally not entitled to seek discovery from any source prior to a Rule 26(f) conference with the opposing parties.[1] Early discovery may, however, be authorized by court order.[2]

In support of their motion, Plaintiffs submit the affidavit of Chad Tilbury,[3] Director of Worldwide Internet Enforcement for the Motion Picture Association of American, Inc. Mr. Tilbury states that obtaining the identity of copyright infringers on an expedited basis is critical because the ISPs have different policies pertaining to the length of time they preserve "logs" identifying their subscribers. According to Mr. Tilbury's affidavit, some ISPs keep logs of their subscribers' activities for only limited periods of time—sometimes only for a few weeks or even mere days—before erasing the data. Mr. Tilbury explains that if an ISP does not have to respond expeditiously to a discovery request, the identification information in the ISP's logs may be erased, making it impossible for the ISP to determine the identity of the alleged infringer.

The Court finds that Plaintiffs have demonstrated a substantial risk that the records kept by the ISPs may be lost or erased. Thus, the Court concludes that Plaintiffs have established good cause for engaging in the requested discovery at this early stage of the proceedings. The Court will therefore grant Plaintiffs' motion for expedited discovery.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (doc. 4) is granted.

---

[1] Fed. R. Civ. P. 26(d).

[2] *Id.*

[3] *See* doc. 6.

2

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Sprint Communications Company, L.P., or any other entity identified by Sprint Communications Company, L.P., as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address. Said subpoena shall be subject to any valid objections the Internet Service Provider(s) may assert to the subpoena.

IT IS FURTHER ORDERED that the disclosure of this information shall be governed by the provisions of 47 U.S.C. § 551(c)(2)(B) and that any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 28th day of February, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and pro set parties

3

1   Christopher T. Holland (SB # 164053)
    Anne E. Kearns (SB #183336)
2   Kathy M. Sarria (SB #181322)
    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
3   114 Sansome Street, Suite 400
    San Francisco, California 94104
4   Telephone: (415) 249-8330
    Facsimile:  (415) 249-4333
5
    Douglas E. Mirell (SB #094169)
6   Karen R. Thorland (SB #172092)
    LOEB & LOEB LLP
7   10100 Santa Monica Boulevard, Suite 2200
    Los Angeles, California 90067
8   Telephone: (310) 282-2000
    Facsimile:  (310) 282-2200
9
    Attorneys for Plaintiff
10   COLUMBIA PICTURES

11             UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13             SAN FRANCISCO DIVISION

14   COLUMBIA PICTURES INDUSTRIES,  CASE.
    INC., a Delaware corporation,
15
            Plaintiff,
16
17      vs.

18   JOHN DOE (67.123.19.140),

19          Defendant.

**C 04  5243 PJH**

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MISCELLANEOUS
ADMINISTRATIVE REQUEST FOR
LEAVE TO TAKE DISCOVERY PRIOR
TO RULE 26 CONFERENCE

20       Upon Plaintiff's Miscellaneous Administrative Request

21   for Leave to Take Discovery Prior to Rule 26 Conference, the

22   Declarations of Chad Tilbury, Thomas Mizzone and R. Christopher

23   Harshman and Plaintiff's Request for Judicial Notice, and having

24   considered the issues raised therein, including relevant privacy

25   issues, it is hereby:

26

27

28

                         1

1        ORDERED that the Administrative Request of Plaintiff

2    for Leave to Take Discovery Prior to Rule 26 Conference is

3    granted.

4

5        IT IS FURTHER ORDERED that Plaintiff may serve

6    immediate discovery on Pacific Bell Internet Services by serving

7    a Rule 45 subpoena that seeks information sufficient to identify

8    the Doe Defendant, including his or her name, address, telephone

9    number, email address, and Media Access Control address.

10

11       IT IS FURTHER ORDERED THAT any information disclosed to

12   Plaintiff in response to the Rule 45 subpoenas may be used by

13   Plaintiff solely for the purpose of protecting Plaintiff's rights

14   under the Copyright Act.

15

16   Dated: ___JAN 2 0 2005___              United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISNEY ENTERPRISES, INC., a Delaware )
corporation; and COLUMBIA PICTURES )
INDUSTRIES, INC., a Delaware corporation, )
                                           )
                Plaintiffs, )
                                            )    Case No.:  Case No.:  3:05-cv-30174-MAP
      v. )
                                            )
DOES 1 - 2, )
                                            )
               Defendants. )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

## I.    INTRODUCTION

      Plaintiffs, among the world's leading motion picture studios, filed this action to stop

Defendants from copying and distributing to others over the Internet unauthorized copies of

copyrighted motion pictures. Using a so-called "peer-to-peer" ("P2P") file "swapping" network

known as i2hub, Defendants' infringements allow them and untold others unlawfully to obtain

and distribute for free copyrighted works that Plaintiffs invest millions of dollars to create and/or

distribute. Plaintiffs sued Defendants as Doe Defendants because Defendants committed their

infringements using online fictitious "screen names" or "user names," not their true names.

Plaintiffs seek leave of Court to serve limited discovery prior to the Rule 26 conference on a

non-party Internet Service Provider ("ISP") solely to determine the identity of the Doe

Defendants. The only way that Plaintiffs can determine the Defendants' true names is from the

ISP used by Defendants and from which Defendants obtain Internet access. This information is

readily available to the ISP from documents it keeps in the regular course of business.

For the past year, federal district courts throughout the country, including this Court, have

granted expedited discovery in Doe Defendant lawsuits that are factually similar, if not identical,

to the instant lawsuit.[1]  In these cited cases and others like them, motion picture studio and

record company plaintiffs have obtained the identities of i2hub users from ISPs through

expedited discovery using information similar to that gathered by Plaintiffs in the instant case;

they have used that information as the basis for their proposed subpoenas to these ISPs.

Plaintiffs respectfully request that this Court follow well-established precedent, and grant this

motion for expedited discovery against the ISP providing the Doe Defendants with online

services and/or network access.

## II.    FACTUAL BACKGROUND

As alleged in the complaint, the Doe Defendants, without authorization, used an online

distribution network called i2hub to download Plaintiffs' copyrighted works and distribute

---

[1]    Such cases include Paramount Pictures Corporation et al. v. Does 1-11, Case No. 4:05-CV-00335-CAS (E.D. Mo.) (Shaw, C.); Columbia Pictures Industries, Inc. et al. v. Does 1-14, Case No. 04-F-2368 (MJW) (D. Colo.) (Figa, P.); Maverick Recording Company, et al. v. John Doe, Case No. 04-12436-NG (D. Mass.) (Gertner, N.); Warner Bros. Entertainment Inc. et al. v. John Doe, Case No. 05-10359-JLT (D. Mass.) (Tauro, J.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-23, Case No. 04 C 7398 (N.D. Ill.) (Gottschall, J.); Columbia Pictures Industries, Inc., et al. v. Does 1-10, Case No. 1:05CV515-BBM (N.D. Ga.) (Martin, B.); Universal City Studios Productions LLLP, et al. v. Does 1-24, Case No. SA-05-CA-68-OG (W.D. Tex.) (Garcia, O.); Twentieth Century Fox Film Corporation, et al. v. Does 1-43, Case No. 05 CV 2351 (S.D.N.Y.) (Cederbaum, M.); Columbia Pictures Industries, Inc. v. John Doe, Case No. CV05-1034 (W.D. Wash.) (Zilly, T.); Disney Enterprises, Inc., et al. v. Does 1-9, Case No. 4:05CV00093 (E.D. Ark.) (Moody, J.); Universal City Studios Productions LLLP, et al. v. Does 1-7, Case No. 05CV1119(JBS) (D.N.J.) (Simandle, J.); Paramount Pictures Corporation, et al. v. Does 1-8, Case No. 05-535 (D.N.J.) (Wolfson, F.); Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-8, Case No. 05-2075-KHV-DJW (D. Kan.) (Waxse, D.); Columbia Pictures Industries, Inc., et al. v. John Doe (67.123.19.140), Case No. C 04 5243 PJH (N.D. Cal.) (Hamilton, P.).  See Exhibit "A."

Plaintiffs' copyrighted works to other users on i2hub, including by making Plaintiffs' copyrighted works available for distribution to others. See Complaint. Because Defendants used fictitious user names or screen names when they copied and distributed Plaintiffs' copyrighted works, Plaintiffs do not know the Defendants' actual identities. See Declaration of Chad Tilbury ("Tilbury Decl."), ¶ 6. However, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity. See Declaration of Thomas Carpenter ("Carpenter Decl."), ¶¶ 8-13. Plaintiffs also made copies of substantial portions of at least one copyrighted motion picture that each Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such file contained a motion picture whose rights under copyright law are owned by one of the Plaintiffs. Declaration of R. Christopher Harshman ("Harshman Decl."), ¶ 4. All of this information was gathered by an on-line piracy technology specialist through specific systems and procedures that were designed to ensure that the information gathered about the Doe Defendants is accurate. Tilbury Decl. ¶ 8; see generally Carpenter Decl.

Plaintiffs have identified the ISP that provided Internet access to each Defendant, and assigned the unique IP address to the Defendant, by using a publicly available database to trace the IP address for each Defendant. Carpenter Decl., ¶¶ 9-12. Here, the ISP is University of Massachusetts at Amherst ("U. Mass."). Id., ¶¶ 12-13. When given a Defendant's IP address and the date and time of the infringing activity, an ISP can identify the name and address of the Doe Defendant (i.e., the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files. Id., ¶¶ 9, 13.

ISPs typically keep log files of subscriber activities for only limited periods of time -- sometimes for as little as weeks or even days -- before erasing the data. Tilbury Decl., ¶ 11; Carpenter Decl., ¶ 9. For this reason, as soon as Plaintiffs identified the infringer, Plaintiffs notified U. Mass. of the IP address and the date and time of the infringing activity, and asked U. Mass. to retain the records needed to identify the subscriber who was assigned that IP address at that date and time. See Carpenter Decl., ¶ 13.

Accordingly, Plaintiffs seek leave to serve limited, immediate discovery sufficient to determine the Doe Defendants' true identities on U. Mass. prior to the Rule 26 conference.

Plaintiffs request permission to serve a Rule 45 subpoena on this ISP seeking each Doe Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (data available only to the ISP that identifies the specific computer used for the infringing activity). Plaintiffs will only use this information to prosecute this action. Without this information, Plaintiffs cannot pursue their lawsuit to protect their motion pictures from ongoing and repeated infringement. Tilbury Decl., ¶ 9-10.

If the Court grants this Motion, Plaintiffs will serve a subpoena on U. Mass. requesting the identifying information within fifteen (15) business days. U. Mass. will be able to notify Defendants that this information is being sought, and each Defendant will have the opportunity to raise any objections before this Court prior to the return date of the subpoena. Thus, to the extent that any Defendant wishes to object, he or she will be able to do so.

## III.    ARGUMENT

Courts routinely allow discovery to identify "Doe" defendants. See, e.g., Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); United

Parcel Service v. Does, No. CIV.A.1-03-CV-1639, 2003 WL 21715365 (N.D. Ga. June 13,

2003); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed

defendants given possibility that identity could be ascertained through discovery); Valentin v.

Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (plaintiff should have been permitted to conduct

discovery to reveal identity of defendant); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)

(error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the

claim, the court should have ordered disclosure of Officer Doe's identity"); Gillespie v. Civiletti,

629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known

prior to the filing of a complaint . . . the plaintiff should be given an opportunity through

discovery to identify the unknown defendants"); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir.

1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have been

permitted to obtain their identity through limited discovery"); Equidyne Corp. v. Does 1-21, 279

F. Supp. 2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to

obtain identities of users anonymously posting messages on message boards).  As discussed

above, many district courts have granted leave to motion picture studios and record companies to

serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference

in copyright infringement lawsuits similar to the instant action.  See Exhibit A.

    Courts consider the following factors when granting motions for expedited discovery to

identify anonymous Internet users:  (1) whether the plaintiff can identify the missing party with

sufficient specificity such that the Court can determine that defendant is a real person or entity

who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the

Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.

Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also Rocker

Mgmt. LLC v. John Does, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying

Seescandy.com standard to identify persons who posted libelous statements on Yahoo! message

board; denying request for expedited discovery where the postings in question were not libelous).

Plaintiffs here are able to demonstrate each one of these factors.

      First, Plaintiffs have sufficiently identified the Doe Defendants through the unique IP

address each Doe Defendant was assigned at the time of the unauthorized distribution of the

copyrighted film.  See Seescandy.com, 185 F.R.D. at 578-80.  See Complaint, Ex. A; Carpenter

Decl., ¶¶ 7-13.  These Defendants gained access to the Internet through their ISP (under cover of

an IP address) only by setting up an account with the ISP.  Carpenter Decl., ¶ 11.  This ISP can

identify each Defendant by name through the IP address by reviewing its subscriber activity logs.

Id., ¶¶ 9, 13.  Thus, Plaintiffs can show that all Defendants are "real persons" whose names are

known to the ISP and who can be sued in federal court.

      Second, Plaintiffs have specifically identified the steps taken to identify Defendants' true

identities.  Id., ¶¶ 7-13.  Plaintiffs have obtained each Defendant's IP address and the date and

time of each Defendant's infringing activities, have traced each IP address to a specific ISP, and

have made copies of a sample of the motion pictures each Defendant unlawfully distributed or

made available for distribution.  See Complaint, Ex. A; Carpenter Decl., ¶¶ 7-13.  Therefore,

Plaintiffs have obtained all the information they possibly can about Defendants without

discovery from the ISP.

      Third, Plaintiffs have asserted a *prima facie* claim for direct copyright infringement in

their Complaint that can withstand a motion to dismiss.  Specifically, Plaintiffs have alleged that:

(a) they own and have registered the copyrights in the works at issue and/or own the relevant

exclusive distribution rights, and (b) the Doe Defendant copied or distributed those copyrighted

works without Plaintiffs' authorization. <u>See</u> Complaint. These allegations state a claim for

copyright infringement. <u>See</u> 17 U.S.C. § 106(1)(3); <u>In re Aimster Copyright Litig.</u>, 334 F.3d

643, 645 (7th Cir. 2003), <u>cert. denied</u>, 124 S. Ct. 1069 (U.S. Jan. 12, 2004) ("Teenagers and

young adults who have access to the Internet like to swap computer files containing popular

music. If the music is copyrighted, such swapping, which involves making and transmitting a

digital copy of the music, infringes copyright."); <u>A & M Records, Inc. v. Napster, Inc.</u>, 239 F.3d

1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for

others to copy violate plaintiffs' distribution rights. Napster users who download files containing

copyrighted music violate plaintiffs' reproduction rights.").

Courts have also allowed expedited discovery when "good cause" is shown. <u>See</u>

<u>Semitool, Inc. v. Tokyo Electron America, Inc.</u>, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); <u>Qwest</u>

<u>Comm. Int'l, Inc. v. WorldQuest Networks, Inc.</u>, 213 F.R.D. 418, 419 (D. Colo. 2003);

<u>Entertainment Tech. Corp. v. Walt Disney Imagineering</u>, No. Civ. A. 03-3546, 2003 WL

22519440, at *4 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should

decide a motion for expedited discovery on the entirety of the record to date and the

reasonableness of the request in light of all of the surrounding circumstances") (quotations

omitted); <u>Yokohama Tire Corp. v. Dealers Tire Supply, Inc.</u>, 202 F.R.D. 612, 613-14 (D. Ariz.

2001) (applying a good cause standard).

Good cause exists here because ISPs typically retain user activity logs containing the

information sought for only a limited period of time before erasing the data. Tilbury Decl., ¶ 11;

Carpenter Decl., ¶ 9. If that information is erased, Plaintiffs will have no ability to identify the

Defendants, and thus will be unable to pursue their lawsuit to protect their copyrighted works.

Tilbury Decl., ¶¶ 10, 11; Carpenter Decl., ¶¶ 9, 11. Where "physical evidence may be

consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. Qwest Comm., 213 F.R.D. at 419; see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner. See 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 14.06[A], at 14-03 (2003); Elvis Presley Enter., Inc. v. Passport Video, 349 F.3d 622, 631 (9th Cir. 2003). The first and necessary step that Plaintiffs must take to stop the infringement of their valuable copyrights is to identify the Doe Defendants who are copying and distributing their motion pictures. This lawsuit cannot proceed without the limited discovery Plaintiffs seek because the ISP is the only entity that can identify the otherwise anonymous Defendants. Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." Semitool, 208 F.R.D. at 277.

Finally, Defendants have no legitimate expectation of privacy in the subscriber information they provided to U. Mass. much less in downloading and distributing copyrighted motion pictures without permission. In re Verizon Internet Services, Inc., 257 F.Supp.2d 244, 267 (D.D.C. 2003), cert. denied, Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc., 351 F.3d 1229 (D.C. Cir. 2003) ("if an individual subscriber opens his computer to permit others, through peer-to-peer filesharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do

not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); <u>Sony Music Entertainment, Inc. v. Does 1–40</u>, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); <u>U.S. v. Hambrick</u>, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), <u>aff'd</u>, 225 F.3d 656 (4th Cir. 2000). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties. <u>See, e.g., Smith v. Maryland</u>, 442 U.S. 735, 743-44 (1979); <u>U.S. v. Miller</u>, 425 U.S. 435, 442-43 (1976); <u>Couch v. U.S.</u>, 409 U.S. 322, 335-36 (1973); <u>Leis</u>, 255 F.3d at 335; <u>U.S. v. Kennedy</u>, 81 F.Supp.2d 1103, 1110 (D. Kan. 2000); <u>Hambrick</u>, 55 F.Supp.2d at 508.

Although Defendants copied and distributed motion pictures without authorization using fictitious user names, their conduct was not thus anonymous. Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified. Carpenter Decl. ¶¶ 7-10. When Defendants entered into a service agreement with U. Mass., they knowingly and voluntarily disclosed personal identification information to it. As set forth above, this identification information is linked to the Defendants' IP address at the time of infringement, and recorded in the ISP's subscriber activity logs. Since Defendants can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiffs leave to seek expedited discovery of it. Absent such leave, Plaintiffs will be unable to protect their copyrighted motion pictures from continued infringement.

Where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26. See <u>Laxalt v. McClatchy</u>, 809 F.2d 885, 888 (D.C. Cir 1987) (court found

"no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a different and higher standard"); accord Lynn v. Radford, No. 99-71007, 2001 WL 514360, at *3 (E.D. Mich. 2001); Gary v. United States, No. 3:97-CV-658, 1998 WL 834853, at *4 (E.D. Tenn.); see also In re Gren, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court order" provision of Fair Credit Reporting Act requires only "good faith showing that the consumer records sought are relevant") (internal quotation omitted).  Plaintiffs plainly have met that standard, as the identities of the Defendants are essential to Plaintiffs' continued prosecution of this action.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should grant the Motion for Leave to Take Discovery Prior to Rule 26 Conference and enter an Order substantially in the form of the attached Proposed Order.

Respectfully submitted,

Dated: _August 2, 2005_

Arthur F. Dionne (BBO # 125760)
J. Kevin Grogan (BBO # 635089)
MCCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISNEY ENTERPRISES, INC., a Delaware )
corporation; and COLUMBIA PICTURES )
INDUSTRIES, INC., a Delaware corporation, )
)
        Plaintiffs, )
)   Case No.:  Case No.:  3:05-cv-30174-MAP
    v. )
)
DOES 1 - 2, )
)
        Defendants. )

## DECLARATION OF R. CHRISTOPHER HARSHMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

I, R. Christopher Harshman, declare:

1.     I am a Litigation Clerk for the Motion Picture Association of America, Inc.

("MPAA"), where I have been employed since February 2002.  The MPAA is a trade association

whose members include the largest motion picture studios in the United States.  Among other

things the MPAA does on behalf of its member companies is to investigate the unauthorized

reproduction and distribution of copyrighted motion pictures.  As a Litigation Clerk, I am

responsible for identifying and investigating on-line piracy of motion pictures, including

gathering evidence of on-line piracy to support outside counsel's enforcement efforts.  I submit

this declaration in support of Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26 (f)

Conference.

2.     This declaration is based on my personal knowledge, and if called upon to do so, I

would be prepared to testify as to its truth and accuracy.

3.     As part of my responsibilities at the MPAA, I have been designated to confirm

that the digital files downloaded from users of the i2hub network are actual copies of the

Plaintiffs' motion pictures. It is possible for digital files to be mislabeled or corrupted; therefore, Plaintiffs do not rely solely on the labels and metadata attached to the files themselves to determine which motion picture is copied in the downloaded file, but also to confirm through a visual comparison between the downloaded file and the motion picture itself.

4.      As to each motion picture identified in the Complaint, I have either watched the motion picture in a movie theater during the picture's theatrical release or I have watched a DVD or VHS copy of the motion picture provided by Plaintiffs. MediaSentry identified the Doe Defendants and downloaded the motion pictures from them; I accessed the downloaded files on MediaSentry's software application which stores the files downloaded from the user. I opened the downloaded file from the Doe Defendant, watched it and confirmed that it contains a substantial portion of the motion picture identified in the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _July 29_, _2005_, at _Los Angeles_ .

_____
R. Christopher Harshman

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DOES 1 - 2, | ) ) ) |
| Defendants. | ) |

Case No.:  Case No.:  3:05-cv-30174-MAP

**DECLARATION OF CHAD TILBURY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

I, Chad Tilbury, declare:

1.  I am Director of Worldwide Internet Enforcement for the Motion Picture Association of America, Inc. ("MPAA"), where I have been employed since July 2004. Prior to the MPAA, I spent five years as a Special Agent in the Air Force Office of Special Investigations where I was responsible for computer investigations and operations. I have an M.S. and a B.S. in Computer Science and have also worked as an Artificial Intelligence researcher and a computer security engineer in the defense industry. I submit this declaration in support of Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26 (f) Conference.

2.  All of the Plaintiffs in this action are motion picture studios and/or distributors, among whom are members, or affiliates or subsidiaries of members, of the MPAA. The MPAA is a trade association whose members include the largest motion picture studios in the United States. Among other things the MPAA investigates the unauthorized reproduction and distribution of copyrighted motion pictures on behalf of its member companies. As Director of Worldwide Internet Enforcement, I am responsible for coordinating the MPAA's worldwide

enforcement effort against internet piracy. This includes supervision of our online copyright infringement campaign, identification and development of Internet anti-piracy technologies, investigations of major online infringers and coordination of Internet anti-piracy efforts around the globe.

3.    This declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

### Background

4.    The Internet is a vast collection of interconnected computers and computer networks that communicate with each other. It allows hundreds of millions of people around the world to freely and easily exchange ideas and information, including academic research, literary works, financial data, music, audiovisual works, graphics, and an unending and ever-changing array of other data. Unfortunately, the Internet also has afforded opportunities for the wide-scale infringement of copyrighted motion pictures. Once a motion picture has been transformed into an unsecured digital format, it can be copied further and distributed an unlimited number of times over the Internet, without significant degradation in picture or sound quality.

5.    To copy and distribute copyrighted motion pictures over the Internet, many individuals use an online media distribution system known as i2hub. The i2hub network is a computer system that enables Internet users to: (1) make files (including motion pictures) stored on each user's computer available for copying by other users; (2) search for files stored on other users' computers; and (3) transfer exact copies of files from one computer to another via the Internet.

6.    There appear to be more than 70,000 users on i2hub and, at any given moment, thousands of people across the country unlawfully use i2hub to upload (distribute) or download

2

(copy) copyrighted material.  The i2hub network represents a "viral" distribution of digital files: each user of the system who copies a digital file from another user can then distribute the file to still other users and so on, so that almost-perfect copies of an infringing file can be distributed to tens of thousands of people worldwide with breathtaking speed.  Significantly, a person who uses i2hub is free to use any alias (or "screen name") whatsoever, without revealing his or her true identity to other users.  Thus, while Plaintiffs can observe the infringement occurring on the Internet, they do not know the true names or addresses of those individuals who are committing the infringement

7.       Because the Plaintiffs have not authorized their copyrighted motion pictures to be copied or distributed in unsecured formats by means of i2hub, the copying and distribution of these motion pictures on the i2hub network violates the copyright laws.

**Plaintiffs' Identification of the Doe Defendants**

8.       In order to assist Plaintiffs in combating copyright infringement on peer-to-peer networks and the i2hub network, the MPAA and counsel for Plaintiffs retained MediaSentry, a company that provides online anti-piracy and copyright protection services and investigations through sophisticated technology and especially developed software programs.  (See Decl. of Thomas Carpenter.)  Under the direct supervision of counsel, MediaSentry caused searches of the i2hub network to be conducted for infringing copies of motion pictures whose rights are owned by Plaintiffs.  The search function of the i2hub network was used to look for network users who were offering for distribution audiovisual files that were labeled with the names of certain of Plaintiffs' copyrighted motion pictures.  When a network user was located that was making such files available for distribution, MediaSentry downloaded and retained both the files that were being offered for distribution and other specific information in order to confirm that

3

infringement was occurring and to identify the infringer. (<u>See</u> Decl. of Thomas Carpenter.) In addition, the downloaded audiovisual files were reviewed in order to confirm that the files were in fact copies of substantial portions of motion pictures whose rights are owned by Plaintiffs. (<u>See</u> Decl. of R. Christopher Harshman.)

<b><u>The Need For Expedited Discovery</u></b>

9.    Obtaining the identity of copyright infringers on an expedited basis is critical to prosecution of this action and stopping the continued infringement of Plaintiffs' copyrighted motion pictures.

10.    Without expedited discovery, Plaintiffs have no way of serving Defendants with the complaint and summons in this case. Plaintiffs do not have Defendants' names, addresses, e-mail addresses, or any other way to identify or locate Defendants.

11.    Further, service providers have different policies pertaining to the length of time they preserve "logs" which identify their subscribers. Despite requests to preserve the information, some ISPs keep log files of their subscribers' activities for only limited periods of time -- sometimes as little as weeks or even days -- before erasing the data they contain. If an ISP does not have to respond expeditiously to a discovery request, the identification information in that ISP's logs may be erased.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___7/29___ , 05 , at _Encino, CA_ .

_Chad Tilbury_
Chad Tilbury

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 22 2005

LUTHER D. THOMAS, Clerk
By: Q. M. Cauier
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; and NEW LINE PRODUCTIONS, INC., a Delaware corporation, | CIVIL ACTION FILE No. 1:05cv515-BBM |
| Plaintiffs, | |
| v. | |
| DOES 1 – 10, Defendants. | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE

The Court has read all papers filed in connection with Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26 Conference ("the Motion"), and considered the issues raised therein, including relevant privacy issues.

Doc. No. 3

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Earthlink, Inc., or any other entity identified by Earthlink, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _March 22, 2005_          _____
                                  United States District Judge

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

FEB - 1 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS L.L.L.P., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL NO. SA-05-CA-68-OG |
| | ) | |
| | ) | |
| DOES 1-24, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Came on this day to be considered plaintiffs' <u>ex parte</u> expedited motion for leave to take

discovery prior to the Fed.R.Civ.P. 26(f) conference and memorandum in support filed January

26, 2005 (docket no. 5).

In this action for copyright infringement, plaintiffs seek permission to serve Rule 45

subpoenas to discovery the identity of 24 defendants. Plaintiffs have alleged claims of direct

copyright infringement by the 24 Doe Defendants through the use of "peer to peer" or "P2P"

software over the internet. Defendants are identified by internet protocol address and the dates

and times of the alleged infringements in addition to the allegedly fictitious on-line "screen

names" or "user names" used by the defendants. To learn and/or confirm the identities of the

Doe Defendants, plaintiffs need information from internet service providers ("ISP") for the

defendants. Plaintiff have identified the ISP that provided internet access to and assigned the

unique internet protocol ("IP") address to defendant by using publicly available data to trace IP

addresses. Plaintiffs allege the ISP is Southwestern Bell Internet Services ("SBIS"). Plaintiffs

assert that when the ISP is given a defendant's IP address and the date and time of the infringing

activity, the ISP readily should be able to identify the name and address of the Doe Defendants

because that information is contained in the ISP's subscriber activity log files. Further, plaintiffs

seek immediate discovery to avoid the loss of information about the alleged infringers that could

occur if the ISP erases or overwrites data in accordance with common industry practice.

Plaintiffs have shown good cause for beginning discovery at this time. There is no

identified defendant with whom plaintiffs could conduct a discovery conference.

Upon consideration thereof,

**IT IS ORDERED** that plaintiffs' ex parte expedited motion for leave to take discovery

prior to the Fed.R.Civ.P. 26(f) conference (docket no. 5) is **GRANTED.**

**IT IS ALSO ORDERED** that plaintiffs may serve immediate discovery on third-party

ISPs, specifically, SBIS as well as any ISP identified by SBIS as the entity providing internet

network access and on-line services to the Doe Defendant, by serving a Rule 45 subpoena that

seeks information sufficient to identify each Doe Defendant, including the name, address,

telephone number, e-mail address and Media Access Control addresses for each defendant.

**IT IS FURTHER ORDERED** that any information disclosed to plaintiffs in response to

the Rule 45 subpoenas may be used by plaintiffs solely for the purpose of protecting plaintiffs'

rights under the Copyright Act.

**ORDERED, SIGNED and ENTERED** this ____ day of February, 2005.


_Pamela Mathy_

Pamela Mathy
**United States Magistrate Judge**

2

JUDGE MOTLEY

05 CV 2351

Jonathan Zavin (JZ-1846)
Alexandra N. DeNeve (AD-2386)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

TWENTIETH CENTURY FOX FILM
CORPORATION, a Delaware corporation;
LIONS GATE FILMS, INC., a Delaware
corporation; METRO-GOLDWYN-MAYER
PICTURES INC., a Delaware corporation;
DISNEY ENTERPRISES, INC., a Delaware
corporation; WARNER BROS.
ENTERTAINMENT INC., a Delaware
corporation; PARAMOUNT PICTURES
CORPORATION, a Delaware corporation;
COLUMBIA PICTURES INDUSTRIES, INC., a
Delaware corporation; SCREEN GEMS, INC., a
Delaware corporation; NEW LINE
PRODUCTIONS, INC., a Delaware corporation;
and UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP, a Delaware limited
liability limited partnership,

        Plaintiffs,

    -against-

DOES 1-43,

        Defendants.

---------------------------------------------------------------x

Civil Action No.:

**ORDER GRANTING PLAINTIFFS'
*EX PARTE* APPLICATION FOR
LEAVE TO TAKE DISCOVERY
PRIOR TO RULE 26(f)
CONFERENCE**

The Court has read all papers filed in connection with Plaintiffs' *Ex Parte*

Application for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Application"), and

considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Application is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable, or any other entity identified by Time Warner Cable as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to the Cable Communications Policy Act, 47 U.S.C. § 551(c)(2)(B);

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: February 24, 2005

Miriam Goldman Cedarbaum
United States District Judge
Part I

2

—FILED ——ENTERED **ORIGINAL**
—LODGED ——RECEIVED

FEB 2 2 2005

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

JAN 26 2005 MR

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

05-CV-00134-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

COLUMBIA PICTURES INDUSTRIES,
INC., a Delaware corporation,

No. **CV05-0134**

            Plaintiff,

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE

      v.

JOHN DOE,

            Defendant.

The Court has read all papers filed in connection with Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Application"), and considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Application is granted.

IT IS FURTHER ORDERED that Plaintiff may serve immediate discovery on Speakeasy, Inc., or any other entity identified by Speakeasy, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

/////
/////
/////

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE
Page 1

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
825 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3800 F 206 516 3888

1    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiff in

2    response to the Rule 45 subpoenas may be used by Plaintiff solely for the purpose of

3    protecting Plaintiff's rights under the Copyright Act.

4

5    Dated: 2/22/05

     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE
Page 2

YARMUTH WILSDON CALFO PLLC
THE BOX TOWER
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WA 98104
T 206 516 3800 F 206 516 3888

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JAN 2 8 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

DISNEY ENTERPRISES, INC., a Delaware )
corporation; TWENTIETH CENTURY FOX )
FILM CORPORATION, a Delaware )
corporation; WARNER BROS. )
ENTERTAINMENT INC., a Delaware )
corporation; COLUMBIA PICTURES )  Case No.:  *4:05 CV 00093*
INDUSTRIES, INC., a Delaware corporation; )
ARTISAN PICTURES, INC., a Delaware )
corporation; NEW LINE PRODUCTIONS, )
INC., a Delaware corporation; UNIVERSAL )
CITY STUDIOS PRODUCTIONS LLLP, a )
Delaware limited liability limited partnership; )
and PARAMOUNT PICTURES )
CORPORATION, a Delaware corporation, )
)
            Plaintiffs, )
)
     v. )
)
DOES 1 - 9, )
)
            Defendants. )

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY**
**PRIOR TO RULE 26(f) CONFERENCE**

       The Court has read all papers filed in connection with Plaintiffs' Motion for

Leave to Take Discovery Prior to Rule 26(f) Conference ("the Motion"), and considered the

issues raised therein, including relevant privacy issues.

       IT IS HEREBY ORDERED that the Motion is granted.

       IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on

ALLTEL Communications, Inc., or any other entity identified by ALLTEL Communications,

Inc. as providing network access or online services to one or more of the Doe Defendants, by

serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant,

**6**

including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 1/27/05 _____        _Janer M Mools_
                                  United States District Judge

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON _1-31-05_ BY _M_

2

Michael Lieberman (ML 9456)
Lubna A. Mian (LM 4411)
HANGLEY ARONCHICK SEGAL & PUDLIN
20 Brace Road, Suite 201
Cherry Hill, NJ  08034
(856) 616-2100

Jonathan Zavin (pro hac vice pending)
Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP**, a Delaware limited liability limited partnership; **COLUMBIA PICTURES INDUSTRIES, INC.**, a Delaware corporation; **TWENTIETH CENTURY FOX FILM CORPORATION**, a Delaware corporation; **PARAMOUNT PICTURES CORPORATION**, a Delaware corporation; **WARNER BROS. ENTERTAINMENT INC.**, a Delaware corporation; and **DISNEY ENTERPRISES, INC.**, a Delaware corporation,<br><br>                        **Plaintiffs,**<br><br>        v.<br><br>**DOES 1 - 7,**<br><br>                        **Defendants.** | **CIVIL ACTION**<br>Case No.:   C S cu 1119 (JBS)<br><br>[PROPOSED] **ORDER GRANTING PLAINTIFFS LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

Upon Plaintiffs' application for Order to Show Cause granting Plaintiffs *ex parte* relief granting leave to take discovery prior to the Rule 26(f) Conference, the

annexed declarations of Chad Tilbury, Thomas Mizzone and R. Christopher Harshman, and the accompanying Memorandum of Law, and having considered the issues raised therein, including relevant privacy issues,

IT IS ORDERED that Plaintiffs may serve immediate discovery on AT&T Worldnet Service, or any other entity identified by AT&T Worldnet Service as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _March 9, 2005_    _Jerome B Amsndle_

United States District Judge

2

Michael Lieberman (ML 9456)
HANGLEY ARONCHICK SEGAL & PUDLIN
20 Brace Road, Suite 201
Cherry Hill, NJ 08034
(856) 616-2100

Jonathan Zavin (pro hac vice pending)
Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PARAMOUNT PICTURES CORPORATION, a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; SCREEN GEMS, INC., a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; and COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation,** | **CIVIL ACTION** Case No.: 05- 535 <br><br> **ORDER TO SHOW CAUSE FOR** *EX PARTE* **RELIEF GRANTING PLAINTIFFS' LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |
| **Plaintiffs,** | |
| v. | |
| **DOES 1 - 8,** | |
| **Defendants.** | |

**THIS MATTER** having come before the Court upon the application of

Plaintiffs by their attorneys, Hangley Aronchick Segal & Pudlin, for entry of an

Order to Show Cause granting Plaintiffs *ex parte* relief and permitting Plaintiffs to

conduct limited discovery on a third party Internet Service Provider prior to the

Rule 26(f) Conference to determine the true identities of the Doe Defendants who

are being sued for copyright infringement; and the Court having read and

considered the Complaint, the Declarations Chad Tilbury, Thomas Mizzone

Christopher Harshman, the certification of Michael Lieberman, the supporting

Memorandum of Law submitted herewith, and a proposed Order; and the Court

having heard argument of counsel, and having determined that there are no

defendants who could oppose this cause, and for other good cause having been

shown;

IT IS on this _28th_ day of _January_, 2005:

**ORDERED**, that Plaintiffs' application for *ex parte* relief to

conduct and serve expedited discovery upon RCN Corporation, or any other

identified by RCN Corporation as providing network access or online service

one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks

information sufficient to identify each Doe Defendant, including his or her name,

address, telephone number, e-mail address and Media Access Control address is

granted.

United States District Judge

DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

METRO-GOLDWYN-MAYER
PICTURES, INC., et al.,

                 Plaintiffs,

                                     CIVIL ACTION

v.

                                     No: 05-2075-KHV-DJW

DOES 1-8,

                 Defendants.

### ORDER

Pending before the Court is Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (doc. 4). Plaintiffs are motion picture studios and/or distributors. They bring this copyright infringement lawsuit, alleging that each Defendant has, without permission, distributed and offered to distribute over the Internet copyrighted works for which the respective Plaintiffs have exclusive rights.

Plaintiffs seek leave to serve limited discovery prior to the Rule 26(f) conference on one or more non-party Internet Service Providers ("ISPs") to determine the identities of the Doe Defendants. Plaintiffs assert that the only way they can determine Defendants' true identities is through information obtained from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access. Specifically, Plaintiffs seek to issue a Rule 45 subpoena to Sprint Communications Company, L.P., or any other entity identified by Sprint Communications Company, L.P., as providing network access or online services to one or more of the Doe Defendants.

A party is generally not entitled to seek discovery from any source prior to a Rule 26(f) conference with the opposing parties.[1]  Early discovery may, however, be authorized by court order.[2]

In support of their motion, Plaintiffs submit the affidavit of Chad Tilbury,[3] Director of Worldwide Internet Enforcement for the Motion Picture Association of American, Inc.  Mr. Tilbury states that obtaining the identity of copyright infringers on an expedited basis is critical because the ISPs have different policies pertaining to the length of time they preserve "logs" identifying their subscribers.  According to Mr. Tilbury's affidavit, some ISPs keep logs of their subscribers' activities for only limited periods of time—sometimes only for a few weeks or even mere days—before erasing the data.  Mr. Tilbury explains that if an ISP does not have to respond expeditiously to a discovery request, the identification information in the ISP's logs may be erased, making it impossible for the ISP to determine the identity of the alleged infringer.

The Court finds that Plaintiffs have demonstrated a substantial risk that the records kept by the ISPs may be lost or erased.  Thus, the Court concludes that Plaintiffs have established good cause for engaging in the requested discovery at this early stage of the proceedings.  The Court will therefore grant Plaintiffs' motion for expedited discovery.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (doc. 4) is granted.

---

[1]Fed. R. Civ. P. 26(d).

[2]*Id.*

[3]*See* doc. 6.

2

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Sprint Communications Company, L.P., or any other entity identified by Sprint Communications Company, L.P., as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address. Said subpoena shall be subject to any valid objections the Internet Service Provider(s) may assert to the subpoena.

IT IS FURTHER ORDERED that the disclosure of this information shall be governed by the provisions of 47 U.S.C. § 551(c)(2)(B) and that any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 28th day of February, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and pro set parties

3

1   Christopher T. Holland (SB # 164053)
    Anne E. Kearns (SB #183336)
2   Kathy M. Sarria (SB #181322)
    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
3   114 Sansome Street, Suite 400
    San Francisco, California 94104
4   Telephone: (415) 249-8330
    Facsimile:  (415) 249-4333
5
    Douglas E. Mirell (SB #094169)
6   Karen R. Thorland (SB #172092)
    LOEB & LOEB LLP
7   10100 Santa Monica Boulevard, Suite 2200
    Los Angeles, California 90067
8   Telephone: (310) 282-2000
    Facsimile:  (310) 282-2200
9
    Attorneys for Plaintiff
10  COLUMBIA PICTURES

11              UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14  COLUMBIA PICTURES INDUSTRIES,      CASE NO.  C 04  5243 PJH
    INC., a Delaware corporation,
15                                      [PROPOSED] ORDER GRANTING
                                        PLAINTIFF'S MISCELLANEOUS
16              Plaintiff,              ADMINISTRATIVE REQUEST FOR
                                        LEAVE TO TAKE DISCOVERY PRIOR
17       vs.                            TO RULE 26 CONFERENCE

18  JOHN DOE (67.123.19.140),

19              Defendant.

20          Upon Plaintiff's Miscellaneous Administrative Request

21  for Leave to Take Discovery Prior to Rule 26 Conference, the

22  Declarations of Chad Tilbury, Thomas Mizzone and R. Christopher

23  Harshman and Plaintiff's Request for Judicial Notice, and having

24  considered the issues raised therein, including relevant privacy

25  issues, it is hereby:

26

27

28

                                    1

1    ORDERED that the Administrative Request of Plaintiff

2 for Leave to Take Discovery Prior to Rule 26 Conference is

3 granted.

4

5    IT IS FURTHER ORDERED that Plaintiff may serve

6 immediate discovery on Pacific Bell Internet Services by serving

7 a Rule 45 subpoena that seeks information sufficient to identify

8 the Doe Defendant, including his or her name, address, telephone

9 number, email address, and Media Access Control address.

10

11    IT IS FURTHER ORDERED THAT any information disclosed to

12 Plaintiff in response to the Rule 45 subpoenas may be used by

13 Plaintiff solely for the purpose of protecting Plaintiff's rights

14 under the Copyright Act.

15

16 Dated: _____JAN 2 0 2005_____    _____

United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: Case No.: 3:05-cv-30174-MAP |
| v. | ) ) | |
| DOES 1 - 2, | ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

The Court has read all papers filed in connection with Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Motion"), and considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on University of Massachusetts at Amherst by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated:_____        _____
United States District Judge/ United States
Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>DOES 1 - 2,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 3:05-cv-30174-MAP<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

    Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45 and Local Rule 26.2(A), the Declarations of Chad Tilbury, Thomas Carpenter and R. Christopher Harshman, and the authorities cited in the supporting memorandum of law, hereby move this Court for an Order granting Plaintiffs leave to take discovery prior to the Rule 26(f) conference.

    In support thereof, Plaintiffs represent as follows:

    1.  Plaintiffs, among the world's leading motion picture studios, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.

    2.  As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and distribute copyrighted works to the public, including by making copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Doe Defendants,

Plaintiffs have identified each by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and time of the Defendant's infringing activity.

     3.     Plaintiffs intend to serve a Rule 45 subpoena on University of Massachusetts at Amherst ("U. Mass.") seeking each Defendant's true name, address, telephone number, email address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

     4.     Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

     WHEREFORE, Plaintiffs move this Court to issue an Order granting Plaintiffs leave to take discovery prior to the Rule 26(f) conference.

Respectfully submitted,

Dated: _August 2, 2005_

_[signature]_

Arthur F. Dionne (BBO # 125760)
J. Kevin Grogan (BBO # 635089)
MCCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543

_Attorneys for Plaintiffs_

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

PARAMOUNT PICTURES CORPORATION, )
a Delaware corporation; SCREEN GEMS, )
INC., a Delaware corporation; COLUMBIA )
PICTURES INDUSTRIES, INC., a Delaware )
corporation; DISNEY ENTERPRISES, INC., a )
Delaware corporation; WARNER BROS. )    Case No.:
ENTERTAINMENT INC., a Delaware )
corporation; TWENTIETH CENTURY FOX )
FILM CORPORATION, a Delaware )
corporation; and METRO-GOLDWYN- )
MAYER PICTURES INC., a Delaware )
corporation, )

4 ) 05CV0 0335CAS

)
        Plaintiffs, )
)
     v. )
)
DOES 1 - 11, )
)
        Defendants. )

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

      The Court has read all papers filed in connection with Plaintiffs' Motion for

Leave to Take Discovery Prior to Rule 26(f) Conference ("the Motion"), and considered the

issues raised therein, including relevant privacy issues.

      IT IS HEREBY ORDERED that the Motion is granted.

      IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on

Charter Communications, Inc., or any other entity identified by Charter Communications, Inc. as

providing network access or online services to one or more of the Doe Defendants, by serving a

Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his

or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 4/25/05

_____
United States District Judge

2

*5323-1 RPB*

RECEIVED

NOV 2 4 2004

SHERIDAN, ROSS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

FILED
United States District Court
Denver, Colorado

NOV 22 2004

GREGORY C. LANGHAM
CLERK

Civil Action No. 04-F-2368 (MJW)

COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation;
WARNER BROS. ENTERTAINMENT INC., a Delaware corporation;
DISNEY ENTERPRISES, INC., a Delaware corporation;
NEW LINE PRODUCTIONS, INC., a Delaware corporation;
TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation;
COLUMBIA TRISTAR HOME ENTERTAINMENT, INC., a Delaware corporation;
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability
limited partnership; and
PARAMOUNT PICTURES CORPORATION, a Delaware corporation,

     Plaintiffs,

v.

DOES 1 - 14,

     Defendants.

---

**EX PARTE ORDER PERMITTING DISCOVERY BEFORE RULE 26 CONFERENCE**

---

     This matter is before me on the Plaintiffs' *Ex Parte* Application for Leave to Take

Immediate Discovery ("Application"), filed November 16, 2004. Having considered the

Application, Plaintiffs' Memorandum of law in support of the Application, and the

Declarations of Chad Tilbury, Thomas Mizzone, and R. Christopher Harshman , this

Court concludes that the Application should be granted, as modified below.

     On November 16, 2004, Plaintiffs filed a complaint for copyright infringement

naming John Doe defendants 1 through 14 ("Defendants"). The complaint alleges that

each defendant has used and continues to use an online media distribution system to

distribute to the public, including by making available to and for distribution by others, certain copyrighted motion pictures owned or controlled by the Plaintiffs without Plaintiffs' authorization in violation of the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*). However, Plaintiffs are only able to identify Defendants with an unique Internet Protocol ("IP") address; they do not know Defendants' names or any other identifying information.

Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), Adelphia Communications Corp. ("Adelphia"), whose subscriber activity log files would allow Plaintiffs to discover Defendants' identities. Specifically, they wish to serve a subpoena on Adelphia pursuant to Fed. R. Civ. P. 45, seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.[1]

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure. A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).

---

[1]   A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network. *See* Webopedia, *at* http://www.webopedia.com/TERM/M/MAC_address.html (accessed Nov. 22, 2004).

2

Here, Plaintiffs argue that their immediate need of the data in the subscriber activity logs establishes good cause. They indicate that ISPs such as Adelphia typically keep these logs for brief periods of time before erasing the data they contain. Plaintiffs might never identify the Defendants without obtaining access to the data contained in the logs. *See* Declaration Chad Tilbury, ¶¶ 10-11, in support of *Ex Parte* Application.

Under these circumstances, Plaintiffs have established good cause. Good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest, supra*, 213 F.R.D. at 419. *See also Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002) (Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

However, given the fact that Plaintiffs' Application was *ex parte*, Plaintiffs shall serve a copy of this Order along with the subpoena. Further, Adelphia may move to quash the subpoena within ten days of being served with the subpoena. In addition, this Court understands based on the representations of Plaintiffs that Adelphia will give notice to its subscribers that this information is being sought, and any so identified subscriber will thus have the opportunity to raise objections before this Court prior to the return date of the subpoena. (Plaintiff's Memorandum, p. 5).

Accordingly, it is ORDERED:

1.   Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, filed November 16, 2004, is GRANTED. Plaintiffs may serve a Rule 45 subpoena upon Adelphia Communications Corp. that seeks information

3

sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

2.   Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

3.   Plaintiffs' shall serve Adelphia Communications Corp. with a copy of this Order along with the subpoena.

4.   If Adelphia Communications Corp. wishes to move to quash the subpoena, it must do so within ten days of being served with it.

5.    Adelphia Communications Corp. is ordered to give notice to its subscribers that this information is being sought, and any so identified subscriber will have the opportunity to raise objections before this Court prior to the return date of the subpoena.

DATED : November 22, 2004

BY THE COURT:

Phillip S. Figa
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAVERICK RECORDING COMPANY, et al.,)
    Plaintiffs,            )
                           )
    v.                    )     C.A. No. 04-12436-NG
                           )
JOHN DOE,                )
    Defendant.           )

GERTNER, D.J.:

<u>ORDER RE: EXPEDITED DISCOVERY</u>
December 9, 2004

Upon consideration of plaintiffs' Motion for Leave to Take Immediate Discovery [Document #3], and plaintiffs' supporting memorandum and declaration [Documents ## 4,5], plaintiffs' Motion is hereby **GRANTED**. It is further **ORDERED** as follows:

1. Plaintiffs may take immediate discovery of Emerson College to obtain the identity of Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify Doe defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for defendant. No further information about Doe defendant shall be revealed;

2. Plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting plaintiffs' rights under the Copyright Act;

3. Plaintiffs shall attach the Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to their Rule 45 subpoena. The

Rule 45 subpoena shall instruct Emerson College to distribute a copy of the Notice to Doe defendant within seven days of service of the subpoena.

4. Emerson College shall not respond to the Rule 45 subpoena until fourteen days after Doe defendant has received the Notice.

5. Any future notices to any defendant in this case or any related case filed in the District of Massachusetts must be pre-approved by the Court and filed in the record.

**SO ORDERED.**

**Dated: December 9, 2004**         **s/ NANCY GERTNER U.S.D.J.**

2

## COURT-DIRECTED NOTICE
## REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing Emerson College, your Internet Service Provider ("ISP") to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the District of Massachusetts in Boston, Massachusetts, as a "John Doe" by several major record companies. You have been sued for infringing copyrights on the Internet by uploading and/or downloading music. The record companies have identified you only as a "John Doe" and have served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

## YOUR NAME HAS NOT YET BEEN DISCLOSED.
## YOUR NAME WILL BE DISCLOSED IN 14 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA

Your name has not yet been disclosed. The record companies have given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement. You can challenge the subpoena in Court. You have 14 days from the date that you received this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the companies cannot proceed against you until you are identified). The second page of this notice can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 14 day period, your ISP will send the record company plaintiffs your identification information.

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court of Massachusetts, the record companies must establish jurisdiction over you in Massachusetts. If you do not live or work in Massachusetts, or visit the state regularly, you may be able to challenge the Massachusetts court's jurisdiction over you. If your challenge is successful, the case in Massachusetts will be dismissed, but the record companies may be able to file against you in another state where there is jurisdiction.

The record companies may be willing to discuss the possible settlement of their claims against you. The parties may be able to reach a settlement agreement without your name appearing on the public record. You may be asked to disclose your identity to the record companies if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. It is possible that defendants who seek to settle at the beginning of a case will be offered more favorable settlement terms by the record companies. You may contact the record companies' representatives by phone at (617) 832-1000, or by fax at (617) 832-7000.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

**RESOURCE LIST**

The organizations listed below provide guidance on how to find an attorney. If you live in or near Massachusetts or Boston, the second and third listings below provide referrals for local attorneys.

American Bar Association
http://www.abanet/org/legalservices/findlegalhelp/home.htm

Massachusetts Bar Association
http://www.massbar.org
Lawyer referral service – (617) 338-0610

Boston Bar Association
http://www.bostonbar.org
Lawyer referral service – (617) 742-0625

The organizations listed below have appeared before other courts around the country in similar lawsuits as "friends of the court" to attempt to protect what they believe to be the due process and First Amendment rights of Doe defendants.

Electronic Frontier Foundation
454 Shotwell Street
San Francisco, California 94110-1914
email: RIAAcases@eff.org

Public Citizen
1600 20th Street, NW
Washington, DC 20009
phone: (202) 588-7721
email: litigation@citizen.org

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WARNER BROS. ENTERTAINMENT INC.    *
and PARAMOUNT PICTURES CORP.,      *
                                   *
            Plaintiffs,            *
                                   *
    v.                             *    Civil Action No. 05-10359-JLT
                                   *
JOHN DOE,                          *
                                   *
            Defendant.             *

## ORDER

March 10, 2005

TAURO, J.

This court hereby orders that:

1.  Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference
    [#5] is ALLOWED;

2.  Plaintiffs may take immediate discovery of Massachusetts Institute of Technology
    ("MIT"), or any other entity identified by MIT as providing network access or
    online services to the Doe Defendant, to obtain the identity of the Doe Defendant
    by serving a Fed. R. Civ. P. 45 subpoena that seeks information sufficient to
    identify the Doe Defendant, including name, address, telephone number, e-mail
    address, and Media Access Control addresses for the Defendant.  No further
    information about the Doe Defendant shall be revealed;

3.  Plaintiffs may use the information obtained by this Rule 45 subpoena solely for the
    purpose of protecting Plaintiffs' rights under the Copyright Act;

4.   Plaintiffs shall attach the Court-Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to their Rule 45 subpoena.  The Rule 45 subpoena shall instruct MIT, or the Internet Service Provider ("ISP") identified by MIT, to distribute a copy of the Notice to the Doe Defendant within seven (7) days of service of the subpoena; and

5.   MIT, or the ISP identified by MIT, shall not disclose the identity of the Doe Defendant until fourteen (14) days after the Doe Defendant has received the Notice.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| )<br>LIONS GATE FILMS, INC.,<br>*et al.*,  )<br>)<br>    Plaintiffs,  )<br>)<br>    v.    )<br>)<br>DOES 1-5,    )<br>)<br>    Defendants.  )<br>) | Civ. Action No. 05-386 (EGS) |

## O R D E R

It is by the Court hereby **ORDERED** that Plaintiffs' Motion for Leave to Take Immediate Discovery [2] is **GRANTED**. Plaintiffs will be allowed to serve immediate discovery on America Online, Inc., or any other entity identified by America Online, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs rights as set forth in the Complaint. If and when America Online, Inc. is served with a subpoena, America Online shall give written notice, which can include use of email, to the subscribers in question within five business days. If

America Online and/or any Defendant want to move to quash the
subpoena, the party must do so before the return date of the
subpoena, which shall be 25 days from the date of service.
America Online shall preserve any subpoenaed information pending
the resolution of any timely filed motion to quash.

It is further **ORDERED** that Plaintiffs shall provide America
Online, Inc., a copy of this Order along with its subpoena.


Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **March 1, 2005**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LIONS GATE FILMS, INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No: 04 C 7398<br><br>Hon. Joan B. Gottschall<br><br>Magistrate Hon. Martin C. Ashman |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| DOES 1 - 23, | ) ) | |
| Defendants. | ) ) ) | |

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE

The Court has read all papers filed in connection with Plaintiffs' *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26 Conference ("the Motion"), and considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve discovery prior to Rule 26 conference on Ameritech Interactive Media Services by serving a Rule 45 subpoena that seeks

information sufficient to identify each Doe Defendant, including the name, address, telephone number, email address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _____11/18/04_____

_____
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 2, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.:  Case No.:  3:05-cv-30174-MAP |

**DECLARATION OF THOMAS CARPENTER IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f)
CONFERENCE**

I, Thomas Carpenter, declare:

1.      I am Director, Data Services for MediaSentry business unit of SafeNet Inc. ("MediaSentry"), where I have been employed since January 2005.  MediaSentry is a leading provider of online anti-piracy services for the motion picture, music, game and business software, and print publishing sectors.  Before my employment with MediaSentry, I held various senior level positions at companies that developed Internet based technologies and have approximately ten years of experience related to the protocols, technical architecture and operation of the Internet.

2.      I submit this declaration in support of Plaintiffs' *Ex Parte* Application for Leave to Take Discovery Prior to Rule 26 Conference.  This declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

3.      MediaSentry has developed a technology platform that provides an effective means to detect unauthorized distribution of digital music, software, games, content, and movies over online media distribution systems, including the network known as i2hub.  At MediaSentry,

I am the head of the department that carries out evidence collection using a platform known as "MediaTarget." I work closely with our development team to create credible techniques to scan for, detect, and download copies of copyrighted material on multiple network protocols for use by copyright owners.

4.     MediaSentry was hired on behalf of Plaintiffs to monitor and identify copyright infringement of specified motion pictures on i2hub. Under direct supervision of Plaintiffs' counsel, MediaSentry engaged in a specific process utilizing specially designed software and other technology to identify direct infringers of Plaintiffs' copyrights on i2hub.

5.     Plaintiffs provided MediaSentry with a list of copyrighted motion pictures they believe may be offered for distribution on online distribution systems.

6.     MediaSentry connects to i2hub and searches for users who are offering one or more of Plaintiffs' specified motion pictures. MediaSentry uses the same core technical processes that are used by i2hub users to identify users who are offering Plaintiffs' motion pictures over the Internet. Any user of i2hub can obtain any of the information that is obtained by MediaSentry from i2hub.

7.     Once MediaSentry's searching software program identifies an i2hub network user that is offering for download one of the specified motion pictures, it obtains the Internet Protocol ("IP") address of that user, and when available, it obtains the users' screen name and examines the user's shared directory on his or her computer for other files that lexically match the motion pictures on Plaintiffs' list. MediaSentry then downloads at least one motion picture that the user is offering.

8.     In addition to the file of the motion picture itself, MediaSentry downloads other publicly available information from the network user that is designed to help Plaintiffs identify

the user.  Among other things, MediaSentry downloads or records for each file downloaded from

each user: (a) the time and date at which the file was downloaded from the user; and (b) the IP

address assigned to each user at the time of infringement.  MediaSentry then creates evidence

logs for each user that store all this information in a central database.

9.      An IP address is a unique numerical identifier that is automatically assigned to a

user by its Internet Service Provider ("ISP") each time a user logs on to the network.  Each time

a subscriber logs on, he or she may be assigned a different IP address.  ISPs are assigned certain

blocks or ranges of IP addresses.  ISPs keep track of the IP addresses assigned to its subscribers

at any given moment and retain such "user logs" for a limited amount of time.  These user logs

provide the most accurate means to connect an infringer's identity to its infringing activity.

10.     Although users' IP addresses are not automatically displayed on the i2hub

network, any user's IP address is carried within the packets of information that they are

distributing.  In the case of i2hub, users connect directly to each other.  This enables a user's IP

address to be determined during the exchange of data.  After we locate a user with infringing

content, we send a message to the i2hub server requesting that the user (identified by a

username) connect directly to us.  When the user attempts to connect to us, a commercially

available "socket control" establishes and maintains the session for the exchange of data.  A

"socket" can be thought of as the interface for the data exchange.  A "socket control" is a

software program that allows us to interact with and control a socket connection.  Because we

establish and maintain the session directly with the user, at the socket level of the session, we are

able to verify the user's IP address directly from the packets of data originating from the user.

The format of the data being exchanged, or the "protocol" of the data, is TCP (Transmission

Control Protocol).

3

11.     An infringer's IP address is significant because it is a unique identifier that, along with the date and time of infringement, specifically identifies a particular computer using the Internet. However, the IP address does not enable MediaSentry to ascertain with certainty the exact physical location of the computer or to determine the infringer's identity. It only enables MediaSentry to trace the infringer's access to the Internet to a particular ISP and, in some instances, to a general geographic area. Subscribing to and setting up an account with an ISP is the most common and legitimate way for someone to gain access to the Internet. An ISP can be a telecommunications service provider such as Verizon, an Internet service provider such as America Online, a cable Internet service provider such as Comcast, or, as is the case here, even an entity such as a university that is large enough to establish its own network and link directly to the Internet.

12.     Here, the IP addresses identified by MediaSentry via the use of a TCP socket control enables us to determine which ISP was used by each infringer to gain access to the Internet. Publicly available databases located on the Internet list the IP address ranges assigned to various ISPs.

13.     Using a TCP socket control, MediaSentry determined that the Doe Defendants here were using University of Massachusetts at Amherst ("U. Mass.") to gain access to the Internet and distribute and make available for distribution and copying the copyrighted motion pictures identified. MediaSentry downloaded the motion picture file and other identifying information described above and created an evidence log for each Doe Defendant. Once MediaSentry identified the ISP used by the Doe Defendants to gain access to the Internet from the IP address, Plaintiffs' counsel, using the MediaSentry application, sent an e-mail to the relevant contact at U. Mass. informing U. Mass. of the Doe Defendant's IP address and the date

and time of the infringing activity.  That e-mail message requested that U. Mass. retain the records necessary to identify its subscriber who was assigned that IP address at that date and time.  Once provided with the IP address, plus the date and time of the infringing activity, the Doe Defendant's ISP quickly and easily can use its subscriber logs to identify the name and address of the ISP subscriber who was assigned that IP address at that date and time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __July 29, 2005,__ at ___Morristown, NJ___.

_____
Thomas Carpenter