UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and COLUMBIA PICTURES, INC., a Delaware corporation,<br>                Plaintiffs<br><br>      v.<br><br>DOES 1-2,<br>                Defendants | Civil Action No. 05-30174-MAP |

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
DISCOVERY PRIOR TO RULE 26(f) CONFERENCE (Document No.3)
August 8, 2005

NEIMAN, U.S.M.J.

The matter is before the court on Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion"), filed August 2, 2005. Having considered the Motion, Plaintiffs' memorandum of law in support thereof, and the Declarations of Chad Tilbury, R. Christopher Harshman, and Thomas Carpenter, the court concludes that the Motion should be granted as specifically modified below.

On July 28, 2005, Plaintiffs filed a complaint for copyright infringement against Does 1-2 ("Defendants"). The complaint alleges that Defendants disseminated over the Internet copyrighted works owned or controlled by Plaintiffs, without Plaintiffs' authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.* However, Plaintiffs are only able to identify Defendants with a unique Internet Protocol ("IP") address; they do not know Defendants' names or any other identifying information.

Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), the University of Massachusetts at Amherst, whose subscriber activity log files would allegedly allow Plaintiffs to discover Defendants' identities. Specifically, Plaintiffs wish to serve a subpoena on the University of Massachusetts at Amherst pursuant to Fed. R. Civ. P. 45 seeking Defendants' true names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses. A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network.

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Here, however, Plaintiffs argue that their immediate need for the data in the subscriber activity logs establishes good cause to waive the rule. They indicate that ISPs such as the University of Massachusetts at Amherst typically keep these logs for brief periods of time before erasing the data they contain. Thus, Plaintiffs argue, they might never be able to identify Defendants without at least attempting to obtain access to the data contained in the logs. (See Decl. of Thomas Carpenter ¶ 13.)

In large part, the court agrees. Good cause for early discovery exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citation omitted). *Cf. Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (good cause exists where "the need for expedited discovery, in consideration of the

administration of justice, outweighs the prejudice to the responding party"). This is such a situation.

However, since Plaintiffs' Motion is *ex parte*, the procedures followed must be circumscribed. For example, this order in no way may be read to prejudice the University of Massachusetts at Amherst's ability to seek a protective order or take such other actions in this court which it deems appropriate.

Accordingly, Plaintiffs' Motion is GRANTED as follows: it is ORDERED:

1. Plaintiffs may serve a Rule 45 subpoena upon the University of Massachusetts at Amherst that seeks information sufficient to identify Defendants' true names, addresses, telephone numbers, e-mail addresses, and MAC addresses. The subpoena shall include Defendants' IP addresses and the date(s) and time(s) during which Defendants are known to Plaintiffs to have used the IP addresses in connection with allegedly infringing material.

2. Plaintiffs shall serve the University of Massachusetts at Amherst with a copy of this Order along with the subpoena.

3. If the University of Massachusetts at Amherst wishes to move to quash the subpoena or take such other action in this court it deems appropriate, it must do so within ten days of being served.

4. Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the complaint.

IT IS SO ORDERED.

DATED: August 5, 2005

                                            /s/ Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge